```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KAY C. LEE,<br><br>    Plaintiff,<br><br>  v.<br><br>GENUARDI'S FAMILY MARKETS,<br>L.P., and SAFEWAY, INC.,<br><br>    Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO.<br>1:10-cv-01641-JEI-AMD<br><br>**OPINION** |

**APPEARANCES:**

Ross Begelman, Esq.
BEGELMAN, ORLOW & MELLETZ
411 Route 70 East, Suite 245
Cherry Hill, NJ 08034
        Counsel for Plaintiff

Tracy McDevitt Hagan, Esq.
REILLY, JANICZEK & MCDEVITT, P.C.
2500 McClellan Boulevard
Kevon Office Center, Suite 240
Merchantville, NJ 08109
        Counsel for Defendants

**IRENAS**, Senior District Judge:

   Before the Court is Plaintiff Kay C. Lee's ("Ms. Lee") Motion to Remand this case to the Superior Court of New Jersey. Ms. Lee argues that Defendants Genuardi's Family Markets, L.P., and Safeway, Inc., ("Safeway") filed the notice of removal after the thirty day statutory deadline and that removal was

1

procedurally defective. Brief in Support of Motion to Remand at 2 (hereinafter Pl. Br.). Safeway counters that the initial service of process by certified mail upon an employee at one of its stores was improper under New Jersey law and therefore did not trigger the thirty day removal clock. Brief in Opposition to Plaintiff's Remand Motion at 4 (hereinafter Def. Br.). Safeway asserts that its notice of removal was timely, as measured by subsequent service of process upon its principal place of business, and that there is no grounds for remand. *Id.*

The issue raised by the motion is whether service on a Safeway store employee by mail was proper under New Jersey law. The Court holds that it was not and that the thirty day removal clock therefore did not begin until subsequent personal service upon Safeway's principal place of business. Since Safeway's notice of removal was timely as measured by the subsequent personal service, the Court will deny the motion to remand.

**I.**

Ms. Lee filed a complaint in the Superior Court of New Jersey on February 3, 2010, alleging that Safeway negligently caused her to slip, fall and sustain personal injuries at its store on King's Highway in Cherry Hill, New Jersey (the "Store"). Ms. Lee sent the complaint along with a summons by certified and first class mail to the Store on February 16, 2010. Julie Ritt, a

2

Store employee, signed the certified mail receipt on February 18, 2010. Safeway was also served with process at its principal place of business in California on March 25, 2010. Safeway filed a notice of removal on March 31, 2010, and filed an answer in this Court on April 7, 2010. Ms. Lee filed the instant motion to remand on April 16, 2010.

**II.**

A district court may only grant a motion to remand for the reasons authorized by 28 U.S.C. § 1447(c): lack of subject matter jurisdiction or defective removal procedures. *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). There is no dispute over subject matter jurisdiction in this case.[1] With regard to removal procedure, the notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). The thirty day removal deadline under § 1446(b) is not triggered by "mere receipt of the complaint," but only by "formal

---

[1]This Court exercises diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Safeway is a Delaware corporation with its principal place of business in California, Genuardi's is a partnership whose partners are not citizens of New Jersey, and Ms. Lee is a New Jersey resident. Safeway alleged in its notice of removal that Ms. Lee seeks to recover an amount in excess of $75,000, exclusive of interest and costs.

3

service."[2] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999). The Supreme Court has made clear that the "'service or otherwise' language [in § 1446(b)] was not intended to abrogate the service requirement." *Id.* at 355. The Court reasoned that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. In opposing a motion to remand, the defendant bears the burden of demonstrating that removal was proper. *Granovsky v. Pfizer, Inc.*, 631 F.Supp.2d 554, 558-59 (D.N.J. 2009).

### III.

Ms. Lee contends that she properly served Safeway at the Store by certified mail, as evidenced by the receipt signed by Store employee Julie Ritt. The Federal Rules of Civil Procedure set forth two ways for properly serving a corporation in a judicial district of the United States. First, Federal Rule 4(h)(1)(B) allows for "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive

---

[2] Ms. Lee points out that Safeway, in its notice of removal, acknowledged having received "on or about" March 3, 2010, the mailed copy of the complaint that was delivered to the Store on February 18, 2010. Even if this Court were to allow actual notice to stand in the place of procedurally proper service, it would not aid the motion to remand, because Safeway filed its notice of removal within thirty days of March 3.

service of process." However, Federal Rule 4(h)(1)(B) does not apply to this case, because it "clearly requires **personal** delivery" and does not recognize delivery by certified mail. *Mettle v. First Union Nat. Bank*, 279 F.Supp.2d 598, 602 (D.N.J. 2003); *Signs by Tomorrow-USA, Inc. v. G.W. Engel Co.*, No. 05-4353, 2006 WL 2224416, at *3 (D.N.J. Aug. 1, 2006).

Second, Federal Rule 4(h)(1)(A) allows plaintiffs to follow state law "for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Since Federal Rule 4(h)(1)(B) does not apply, Ms. Lee's motion to remand turns on whether service on Julie Ritt was proper under Rule 4:4 of the New Jersey Rules of Court.

New Jersey Rule 4:4-4(a) is the "primary method" of serving "a defendant in this State." However, service on Julie Ritt was not proper under Rule 4:4-4(a), because that rule requires personal service. *Mettle,* 279 F.Supp.2d at 602; *Signs by Tomorrow,* 2006 WL 2224416 at *3. Rule 4:4-4(a) does allow service by certified mail pursuant to Rule 4:4-3, but only "if personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service." Ms. Lee has presented no evidence of a failed

5

attempt at personal service and therefore cannot rely on Rule 4:4-4(a).[3]

New Jersey Rule 4:4-4(b), the state's long-arm statute, is not applicable to this case either, because it "provide[s] for service upon a corporation outside of the state by mail." *Mettle,* 279 F.Supp.2d at 603. Safeway was served by mail at the Store in New Jersey. In addition, Ms. Lee did not provide the affidavit required under Rule 4:4-4(b) averring "that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule."[4]

Ms. Lee's motion to remand rests on the contention that service on Julie Ritt by mail was proper under New Jersey Rule 4:4-4(c). Rule 4:4-4(c) provides for "Optional Mailed Service" "in lieu of personal service" "[w]here personal service is required to be made pursuant to paragraph (a)." Unlike Rules 4:4-4(a) and (b), Rule 4:4-4(c) does not require an attempt at

---

[3]*See Reddy v. MedQuist, Inc.*, No. 06-4410, 2009 WL 2413673, at *4 (D.N.J. Aug. 4, 2009) (refusing to apply Rule 4:4-3 where plaintiff made no attempt at personal service).

[4]*See Rules Governing the Courts of the State of New Jersey*, Comment 1, R. 4:4-4, at 834 (1995 ed.) ("Paragraph (a) makes clear that personal service, as therein required to be made, must first be attempted before constructive or substituted service in accordance with paragraph (b)"); *see also* John H. Klock, *New Jersey Practice: Court Rules Annotated*, Author's Comment 4, R. 4:4-4, at 37 (5th ed., vol. 1B 2000) (confirming that "[u]nder paragraph (b) one must conduct a diligent inquiry and prepare an affidavit of diligent inquiry"); *Mettle,* 279 F.Supp.2d at 603 (holding service ineffective under Rule 4:4-4(b) without submission of an affidavit of diligent effort).

6

personal service. Service under Rule 4:4-4(c) is effective "only if the defendant answers the complaint or otherwise appears in response thereto . . . within 60 days following mailed service." Safeway contends that Rule 4:4-4(c) does not apply, because it did not file an answer until after it was personally served in California. Def. Br. at 4. It is not clear how Safeway reached that conclusion.[5] Because Safeway answered within sixty days, Rule 4:4-4(c) does apply.

Safeway also asserts that Rule 4:4-4(c) does not apply to foreign corporations. Def. Br. at 4. It is true that Rule 4:4-4(c) would not apply to service outside of New Jersey on a non-resident defendant.[6] Rule 4:4-4(c) is an alternative to Rule 4:4-4(a), which applies to "defendant[s] in this State."[7] However, the case law makes clear that Rule 4:4-4(c) does apply to both

---

[5] The Court is not aware of any authority indicating that Rule 4:4-4(c) does not apply if defendant answers only after subsequent personal service. In the cases refusing to apply Rule 4:4-4(c), the defendant failed to answer or appear at all. *See, e.g., Thakar v. Tan*, No. 09-2084, 2010 WL 1141397, at *5 (3d Cir. March 25, 2010); *Reddy v. MedQuist, Inc.,* No. 06-4410, 2009 WL 2413673, at *4 (D.N.J. Aug. 4, 2009); *Chhaparwal v. West Virginia University Hospitals, Inc.*, No. 07-CV-3608, 2008 WL 1809392, at *2 (D.N.J. Apr. 22, 2008).

[6] See, *e.g., Ingersoll-Rand Co. v. Barnett,* No. 05-1636, 2005 WL 2175461, at *4 n.1 (D.N.J. Sept. 7, 2005) (applying Rule 4:4-4(b) and not Rule 4:4-4(c) when plaintiff mailed process to the defendant's residence in France).

[7] *See* Klock, Author's Comment 5, R. 4:4-4, at 38.("Paragraph (c) provides an alternative method of serving by mailing the summons and complaint to defendants within New Jersey.").

foreign and domestic corporations present in New Jersey. One court recently upheld service under Rule 4:4-4(c) upon a British firm with substantial business operations in New Jersey by a New Jersey resident and long-time employee of that company. *Zacharias v. Whatman*, 345 N.J. Super. 218 (App. Div. 2001). Another court similarly upheld service under Rule 4:4-4(c) upon Pfizer, a non-resident corporation, by an employee that had worked for Pfizer in New Jersey for a number of years. *Granovsky v. Pfizer, Inc.*, 631 F.Supp.2d 554, 561 (D.N.J. 2009). These cases clearly show that Rule 4:4-4(c) does apply to foreign corporations.[8]

While Rule 4:4-4(c) does apply to this case, there is no indication that Julie Ritt was authorized to accept service of process on behalf of Safeway. Rule 4:4-4(c) does not expressly limit the authorized recipients of service. However, the list in Rule 4:4-4(a)(6) of those that may accept service of process on behalf of a corporation must apply to Rule 4:4-4(c) as well, since Rule 4:4-4(c) is an alternative to Rule 4:4-4(a). Rule 4:4-4(a)(6) allows service on:

> any officer, director, trustee or managing or general agent, or any person authorized by appointment or by

---

[8]The *Pfizer* court found the only limit on the scope of Rule 4:4-4(c) to be "the constitutional limits of due process." *Granovsky v. Pfizer, Inc.*, 631 F.Supp.2d 554, 561 (D.N.J. 2009). In *Pfizer, Whatman* and the instant case, the corporate defendants clearly maintained minimum contacts with New Jersey such that it would not offend "traditional notions of fair play and substantial justice" for them to be hailed into court there. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

> law to receive service of process on behalf of the
> corporation, or on a person at the registered office of
> the corporation in charge thereof, or, if service
> cannot be made on any of those persons, then on a
> person at the principal place of business of the
> corporation in this State in charge thereof, or if
> there is no place of business in this State, then on
> any employee of the corporation within this State
> acting in the discharge of his or her duties.

Nothing in the record demonstrates that Julie Ritt was an authorized recipient of service under 4:4-4(a)(6). Courts have consistently held that "mere acceptance of service by an employee, other than an officer, director, trustee or managing or general agent, does not establish that the employee was authorized to [accept service]." *West v. American Honda Motor Co.*, No. 08-0700, 2008 WL 4104683, at *5 (D.N.J. Aug. 28, 2008). There is no evidence that Julie Ritt held any of those managerial positions or that she was otherwise "authorized by appointment or by law to receive service of process on behalf of the corporation." R. 4:4-4(a)(6). Nor is there any indication that Julie Ritt may have been "in charge" of "the registered office of the corporation" or "the principal place of business of the corporation in this State" or that the Store could be considered one of those locations. R. 4:4-4(a)(6). Finally, there is no showing that Safeway had "no place of business in this State," such that service "on any employee of the corporation within this State acting in the discharge of his or her duties" would suffice. R. 4:4-4(a)(6).

9

New Jersey has adopted the federal rule "that the plaintiff has the burden of showing that an alleged agent has specific authority, express or implied, for the receipt of process." *Zoning Bd. of Adjustment of Sparta Tp. v. Service Elec. Cable*, 198 N.J. Super. 370, 377 (App. Div. 1985) (quoting *Local 617, Etc. v. Hudson Bergen Trucking Co.*, 182 N.J. Super. 18 (App. Div. 1981)). Because there is no evidence before the Court suggesting that Julie Ritt had the authority to accept process on behalf of Safeway, the Court must deny Ms. Lee's motion to remand.

### IV.

Service by mail on Julie Ritt was inadequate. Since Safeway was not formally served until March 25, 2010, Safeway's filing of the notice of removal on March 31, 2010, was "within thirty days after the receipt . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b). While the Court is obliged to resolve any doubt in favor of remand, *Steel Valley Authority v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987), no such doubt exists in this case. Having found no procedural defect in

removal, the Court will deny Ms. Lee's motion to remand this case to the Superior Court of New Jersey. The Court will issue an appropriate order.


July 19, 2010              s/ Joseph E. Irenas
                        JOSEPH E. IRENAS, S.U.S.D.J.